HENRY C. RAMSEY, Respondent, v. JOHN S. WEST, Appellant.

**Kansas City Court of Appeals, July 2, 1888.**

1. CONTRACT—INTERPRETATION—OWNER AND BROKER—CASE ADJUDGED. The broker in this case contracted with defendant to procure a purchaser of his land, able, ready, and willing at the sum named by the owner. *Held*, that a contract with a purchaser, which was not binding on the latter, because of a condition in it that it was to be void if the first of several payments should not be made within the stipulated time, did not fulfil the contract so as to entitle the broker to his commissions.

2. ——— ——— CASE ADJUDGED.—The contract with the purchaser in this case provided for payments by instalments, and that upon failure by the purchaser to pay or tender the first instalment "then this agreement shall be wholly void and shall cease to be binding on either of the parties hereto." *Held*, that the purchaser might elect to treat the contract at an end upon failure of the condition, as well as the owner, and that the contract, thereafter, is binding upon neither.

*On rehearing.*

3. ——— ——— BROKER'S COMMISSIONS—WHAT NECESSARY TO ENTITLE HIM TO THEM.—The broker must be the procuring cause of the contract on which he depends for recovery. It will not suffice for his act to be one of the chain of causes producing the contract; it must be the procuring or inducing cause; or, as it has been said, it must be the *causa causans*. (Ewell's Evans on Agency, 341).

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Reversed and remanded.*

W. J. WARD, for the appellant.

I. The court erred in refusing the first instruction asked by defendant. ( 1 ) Because plaintiff did not show that he ever spoke to purchaser in regard to defendant's property, or said, or did anything to induce him to buy it. *Armstrong v. Winn,* 29 Minn. 126. ( 2 ) Because, even if plaintiff made the contract offered in evidence, it could not be enforced by the owner, and the purchaser abandoned it and refused to carry it out. Plaintiff not being the procuring cause of the sale ( made more than one year and a half afterwards ), is not entitled to commission. *Earp v. Cummings,* 54 Pa. 394 ; *Armstrong v. Winn,* 29 Minn, 126 ; *Wylie v. Bank,* 61 N. Y. 415 ; *Sibbold v. Bethlehem I. Co.,* 83 N. Y. 378. ( 3 ) Because the evidence showed that plaintiff had nothing to do with the final sale, but that it was procured by other agencies. *Harris v. Burtnett,* 2 Daly, ( N. Y. ) 189 ; *Armstrong v. Winn,* 29 Minn. 126 ; *Earp v. Cummings,* 54 Pa. 394.

II. Conceding that Ramsey made the contract offered in evidence between Shaeffer and West the testimony of Ramsey, Ess and West all show that it was not carried out by Shaeffer, and Ess and West both testified that a new bargain for a different amount was made between Shaeffer and West long after Shaeffer had repudiated the claimed Ramsey contract, and for causes outside of Ramsey's agency, and no one testified to the contrary. Under such circumstances Ramsey could not recover, and this court has said that " where the facts are undisputed or clear the court should apply the law and determine the case," and defendant's first instruction should have been given. *Powell v. Powell,* 23 Mo. App. 365 ; *Lomas v. Meeker,* 25 N. Y. 361 ; *Railroad v. Stewart,*

57 Tex. 166 ; *Rowland v. Plumer*,. 50 Ala. 182, 195 ;. *Hubert v. Butler*, 97 U. S. [ 7 Otto ] 319.

III.   Defendant's first instruction should have been given, for, admitting that Ramsey made the contract and admitting that Shaeffer would not have heard of the defendant's land if it had not been for Ramsey, yet if Ramsey did not make a sale to him, but only an optional contract that Shaeffer would not carry out, and long after that transaction had been repudiated by him, he of his own motion bought the land, Ramsey cannot recover. *Sibbold v. Bethlehem I. Co.*, 83 N. Y. 378, and cases cited above.

IV.   The contract offered in evidence in this case is an optional or unilateral contract.   *Fue v. Houghton*, 6 Col. 324 ; *Kimberly v. Henderson*, 29 Md. 512 ; *Bradford v. Limpus*, 10 Iowa, 35.

V.   Defendant's fifth instruction should have been given, for plaintiff's own witnesses testified that if West's statement was true that Shaeffer had first offered to buy from him there was no custom as to commission under such circumstances.   *Potts v. Aechturnacht*, 93 Pa. 138 ; *Murry v. Curry*, 7 Car. & Payne, 584.

VI.   It was not improper for defendant to assume in his fifth instruction that there was no custom as to commission if Shaeffer had applied to him first in the purchase of his land, for plaintiff's own witnesses testified that under such circumstances there was none and their testimony was not disputed.   *Carroll v. Railroad*, 88 Mo. 239 ; *Powell v. Powell*, 23 Mo. App. 365 ; *Lomas v. Meeker*, 25 N. Y. 361 ; *Railroad v. Stewart*, 57 Tex. 166 ; *Rowland v. Plumer*, 50 Ala. 195 ; *Price v. Haberle*, 25 Mo. App. 205.

VII.   The fourth instruction of defendant was not given as asked, but as no exception to the charge made by the court was saved, of course it is too late to object now.

VIII.   Plaintiff's instruction should not have been given, because there is no testimony to show that plaintiff made the sale of defendant's land.   He could only

have a claim against defendant on the ground that he made the contract with purchaser, and that it was binding.; or that by bringing the property to the purchaser's notice defendant was enabled to make the sale,—neither of which grounds the instruction covers. Besides, the instruction would naturally mislead the jury, because it says nothing of the final sale in which plaintiff took no part. It does not cover the whole case, and is, therefore, improper. *Hoffman v. Parry*, 23 Mo. App. 20 ; *Ellis v. Waggoner*, 24 Mo. App. 407.

IX. Defendant should have been allowed to read the letter written to plaintiff, as plaintiff had testified about it.

WARNER, DEAN & HAGERMAN, for the respondent.

I. The plaintiff's instruction was rightly given, and defendant's first instruction rightly refused. The plaintiff's instruction told the jury that if the plaintiff was employed by the defendant to procure a purchaser at a stated price, and he procured such purchaser, and that he was to receive the usual and ordinary commission, then he was entitled to recover the usual and ordinary commission on the purchase price of the land. The plaintiff's testimony was, that the defendant employed him to sell the land, and he told the defendant he would charge him two and one-half per cent. commission, and the defendant said, "Go ahead, you will have your commission." The witnesses, Whipple, Lippincott, and Lee, each testified that the usual commission at Kansas City, where the sale was made, on such a sale was two and one-half per cent. on the purchase price. There was no testimony offered by the defendant tending to contradict the plaintiff's testimony as to what was the usual and ordinary commission.

II. Where a real estate agent makes a sale of land, he is entitled to the usual commission established by usage at the place where the sale was made. *Kock v. Emmerling*, 22 How. ( U. S.) 69. And when the agent procures a purchaser ready to buy on terms satisfactory

to the owner, he is entitled to his commission.    *Ibid.;*
*Veener v. Harrod,* 2 Md. 63 ; *McGavock v. Woodlief,* 20
How. (U. S.) 221 ; *Barnard v. Monnot,* 34 Barb. (N.
Y.) 90.

III.    Where the broker negotiates the sale of real
estate he is entitled to his commissions, though
owing to the default of his employer the sale is never
effected.    *Carpenter v. Rinders,* 52 Mo. 278 ; *Timber-
man v. Craddock,* 70 Mo. 638 ; *Bell v. Kizer,* 50 Mo.
150 ; *Tyler v. Parr,* 52 Mo. 249 ; *Beauchamp v. Hig-
gins,* 20 Mo. App. 574.

IV.    But it is claimed that the written contract in this
case was nothing but an optional contract so far as the
purchaser was concerned and was not binding on him ;
and, therefore, no contract for the sale of the land was
in fact made.    We submit, if such were the true con-
struction of the contract, it could not affect the plain-
tiff's rights to his commission.    Whatever the contract
between Shaeffer and plaintiff, it was adopted by West
and signed personally by him ; it included the terms on
which he was willing to sell.    It was his contract, not
that of his agent.    If the plaintiff had made the written
contract, and negligently and intentionally put it in
such form that it did not bind Shaeffer, it might be rea-
sonable that he should forfeit his commission.    When,
however, the defendant himself made the contract, he
cannot complain if as made it did not bind the pur-
chaser.    The only duty of plaintiff, as defendant's
agent, was to find him a purchaser who was willing to
buy on the terms proposed by the defendant.    The
defendant is concluded in this suit for commissions to say
that the contract was not upon the terms intended and
authorized by him.    All of the authorities agree that
the agent is only required to produce a purchaser, ready
and willing to contract with the owner on the owner's
terms.    We contend, however, that the written contract
referred to was binding on both Shaeffer and West, and
Shaeffer's failure to pay the five thousand dollar pay-
ment did not release him from the obligations imposed

upon him by the contract. The provision in the contract to the effect that if Shaeffer failed to pay the five thousand dollars on or before the time stipulated, that the agreement was to be wholly void, must be construed to mean that it should be void at the election of West, the owner. Certainly the contract was binding on the purchaser. *Clark v. Jones*, 1 Denio [N. Y.] 517; *Canfield v. Westcott*, 5 Cowen [N. Y.] 270; *Marcius v. Sargent*, 5 Cowen [N. Y.] 271; *Church v. Ayres*, 5 Cowen [N. Y.] 273. The true rule is that a contract to the effect that it shall become void between the parties upon nonpayment or other nonperformance is for the benefit of the obligee, and the obligor cannot avail himself of it. *Mason v. Caldwell*, 5 Gil. [Ill.] 196; *Barbour's Exr's v. Brookey*, 3 J. J. Marsh. 511; *Wilkerson v. Still*, 4 Pac. Rep. [Cal.] 629; *Cartwright v. Gardner*, 5 Cush. [Mass.] 281.

V. The fifth instruction was rightly refused. It attempted to single out an alleged fact, namely, that plaintiff had, previous to his employment by defendant, been offered by the purchaser, nineteen thousand two hundred and fifty dollars as diminishing plaintiff's compensation, though there is no pretense that defendant ever notified the plaintiff that he had such offer or that plaintiff knew of such offer. The testimony of plaintiff's witness Whipple, is that under the usage the previous offer would not diminish the compensation, but the agent would be entitled to the commission on the entire purchase price. This instruction was also glaringly erroneous in that it concludes by saying the jury "will only find for plaintiff such sum as they may think his services were reasonably worth." The purpose of the draftsman evidently was to have the jury guess at the measure of plaintiff's compensation, while the undisputed testimony shows that the recovery of the plaintiff, if anything, should have been the usual commission, which was indisputably proved to be two and one-half per cent. The jury had to find, not what they might think was reasonable, but what they might

find or believe from the evidence to be reasonable. As we have seen in considering plaintiff's instruction the plaintiff was entitled to recover the usual and customary commission. *Kock v. Emmerling*, 22 How. 69–24. The fifth instruction was squarely in conflict with the doctrine established by that case.

VI. In conclusion, we submit : The verdict and judgment was just in its results. Plaintiff procured the purchaser, a binding contract was made between him and the owner on terms satisfactory to both. Litigation arose between the owner and purchaser, suits and counter-suits were brought, and finally the sale was carried out substantially as originally agreed on, and the defendant deeded the land and received the purchase price, which was the fruit of the plaintiff's work in originally securing the purchaser. "The laborer is worthy of his hire." The jury found that defendant's claim that he had never employed the plaintiff, and that he alone had made the sale, was untrue.

HALL, J.—This suit was brought to recover five hundred dollars as broker's commission for selling the defendant's land to one Saumel Schaeffer, for twenty thousand dollars. The evidence tended to show that, through the aid of plaintiff, acting as a broker for the defendant, under employment by the latter, the defendant entered into the following agreement with Schaeffer :

"This agreement, made this twenty-fifth day of July, 1882, between John S. West, of Kaw township, Jackson county, Missouri, of the first part, and S. C. Schaeffer, of Lancaster, Ohio, of the second part, witnesseth : That in consideration of the sum of twenty thousand dollars, to be paid as hereinafter specified, the receipt of five dollars of which is hereby acknowledged, the said John S. West has, this day, sold in fee-simple to the said S. C. Schaeffer, the following described premises, situate in Kaw township, Jackson county, Missouri, containing seventy-nine acres, less

the right of way granted to the Chicago and Alton Railroad and the Kansas City and Suburban Railroad, both not exceeding ten acres, being what is known as lot number four in the proceeding of the circuit court, of Jackson county, Missouri, for the partition of the estate of Thomas West, deceased, amongst his heirs and widow, dated October 18, 1880. For a more definite description of said premises, reference is made to aforesaid partition proceedings ; and the said S. C. Schaeffer for himself and assigns agrees, subject to the condition hereinafter named, to pay the said sum of twenty thousand dollars, as follows : Five thousand dollars on or before the first day of February, 1883, and the balance in three annual payments of five thousand dollars each, with six per cent. interest from the first day of February, 1883. Upon receipt of the first payment of five thousand dollars the said John S. West for himself or his heirs and assigns, agrees to execute and deliver to the said S. C. Schaeffer or his assigns a deed of general warranty for said premises as above specified with abstract of title for the lands and premises above named, to be satisfactory to said Schaeffer or his assigns, and at same time the said Schaeffer, or his assigns, shall execute and deliver to the said John S. West bond or notes for the deferred payments, to be secured by mortgage on the premises so conveyed.

"It is understood if the said Schaeffer or his assigns shall neglect or fail to pay or make tender of the first payment of five thousand dollars on or before the time stipulated, then this agreement to be wholly void and shall cease to be binding on either of the parties hereto.

"JOHN S. WEST. [ seal.]

"S. C. SCHAEFFER. [ seal.]

"Attest : H. C. RAMSEY."

The plaintiff was employed by the defendant to procure a purchaser for his real estate at the sum of twenty thousand dollars. The court tried the case on the theory that the plaintiff by engotiating the contract

set out above performed his contract with defendant.
The question is thus presented, was that contract such a
contract as the plaintiff was employed to negotiate? The
plaintiff contracted to procure one able, ready, and
willing to purchase the defendant's land at the sum
named. The question may, therefore, be thus stated,
was the contract entered into between the defendant and
Schaeffer binding upon the latter to purchase the land
at the sum of twenty thousand dollars? The question
must be answered in the negative.

The condition of the contract with which it con-
cludes in express words is made for the benefit of both
the parties thereto. While the principle invoked by the
plaintiff's counsel, "it is a far-reaching principle of
common law that a party shall not be allowed to take
advantage of his own wrong, and courts will not so con-
strue the contract as to enable" the party committing
the wrong to take advantage of it, is a sound principle
and firmly established, it has no application to a con-
tract whose language gives no reason for construction,
and is susceptible of only one meaning, and that
meaning is that the party failing to comply with one of
the terms of the contract may, as well as the other party,
on the happening of the failure elect to put an end to
the contract. Because, although the principle of
construction should be given full force, it cannot
authorize the court to make a new and distinct and
different contract for the parties. The contract in this
case clearly provides that Schaeffer, upon failing to
pay or tender the first payment provided for, thereby,
might elect to treat the contract as at an end, for
the words are, "then this agreement to be wholly
void, *and shall cease to be binding on either of the
parties hereto.*" On no ground can we refuse to give
the force, effect, and meaning to these words which they
plainly intend. In this case Schaeffer failed to make
the first payment called for in the contract, and after-
wards refused to carry out the contract and complete
the purchase under it.

For this reason the judgment must be reversed unless it be for the point made by counsel for the plaintiff that the defendant, by accepting and approving the contract in evidence, must be presumed to have accepted it as such a contract as the plaintiff agreed to negotiate, and, therefore, as performance by plaintiff of his duty. This point, for the reason given by us in *Reiger v. Bigger*, 29 Mo. App. 421, we must hold as untenable.

Judgment reversed and cause remanded. All concur.

## On rehearing.

HALL, J.—We adhere to the original opinion in this case.

In support of our conclusion that the contract referred to in the opinion is an optional contract, we cite *Bradford v. Limpus*, 10 Iowa, 35. We wish, also, to say that a careful reëxamination of the authorities cited by the counsel of plaintiff shows that they do not apply to this contract, the peculiar language of which we sufficiently noticed in the original opinion. If the words used in the contract do not convey the meaning given them by us, it would be difficult to conceive words that would do so.

We desire to add something to what was said in that opinion as to the theory on which the court tried the case. The fact is, that, after the making of the contract set out in the foregoing opinion, the defendant made a sale of his property to Schaeffer. The sale was made about one and a half years after the making of the contract. In the meantime, Schaeffer having refused to purchase the land, the defendant had instituted a suit against him for damages on account of such refusal, which he had dismissed before trial, and had instituted a second suit on the same ground, which was at the time of the sale undisposed of; and Schaeffer had instituted a suit against the defendant on the attachment bond given in the first suit, an attachment having been issued

in that suit, and also on account of the contract between the defendant and himself. Schaeffer's suit was also pending at the time of the final sale, and it and the last suit brought by defendant were both dismissed after the final sale of the land. There was no evidence that the final sale and the dismissal of the two suits were the result of a settlement of the parties. On the contrary, all the express evidence on the subject was to the effect that Schaeffer denied emphatically the binding effect of the contract procured by the plaintiff, and refused, in any manner, to recognize it as of any force. Between the making of the contract and the final sale of the land, so far as the record discloses, the plaintiff did nothing to procure a sale of the land.

On such facts, the court gave the following instruction for the plaintiff:

"The court instructs the jury that if you believe, from the evidence, that the defendant employed the plaintiff to procure for him a purchaser of the real estate described in the evidence at and for the sum of twenty thousand dollars, and that plaintiff did procure a purchaser of such real estate at and for the said sum, or a greater sum, and that plaintiff was to receive the usual and ordinary commission for finding such purchaser on the purchase price paid for said real estate, then you will find for the plaintiff so much as you find to be the usual and ordinary commission on the purchase price of the real estate aforesaid."

We thought, and still think, that this instruction does not refer to the final sale of the land, but that it refers to the contract between the defendant and Schaeffer, which was procured by the plaintiff. It was in accordance with this understanding of the meaning of this instruction that we said that the court tried the case on the theory that, by procuring the contract mentioned, the plaintiff performed his contract with the defendant.

But if we are wrong in this view of this instruction, and if the instruction does not refer to the final

sale of the land, we think the instruction defective and misleading in not plainly telling the jury that in order to find for plaintiff they had to find that the contract was the inducing or procuring cause of the sale finally made. There was no evidence of anything done by the plaintiff to procure that sale but the procurement by him of that contract. Under such evidence, if the jury understood the instruction to refer to the final sale, they must have also understood that, because the plaintiff procured the contract, and the sale, in point of time, was subsequent to the contract, they might find that the plaintiff procured the sale. This is not the law. The broker must be the procuring cause of the contract on which he depends for his recovery. It will not suffice for his act to be one of the chain of causes producing the contract; it must be the procuring or inducing cause, or, as it has been said, it must be the *causa causans.* Ewell's Evans on Agency, 341.

For this reason, with the concurrence of the other judges, the judgment is reversed and the cause remanded.