WEBER C. HUGGINS, Appellant, v. WILLIAM G. SAFFORD, Respondent.

Kansas City Court of Appeals, November 23, 1896.

1. **Contracts**: SUBSTITUTION OF ONE FOR ANOTHER. Where parties enter into a contract stipulating it to be in lieu of the place of an old one, their rights must be settled by the terms of the new contract.

2. ————: SALES: OPTION: DAMAGES. A contract for the sale of certain land on a certain day "and if payment is not made by said day that this contract is to be null and void" and the vendor released from all obligations to the vendee, is a mere option to buy the property within the specified time and gives to neither party a claim for damages for its violation.

3. ————: OPTIONS: PARTIAL PAYMENT: RECOVERY. A partial payment made on a contract of sale which is an option to buy within a certain time, is recoverable by the vendee upon the failure to comply with the contract within the time limited.

*Appeal from the Atchison Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

*McKillop & Reeves* for appellant.

(1) When the plaintiff and defendant by mutual agreement and consent, on the eighth day of April, 1895, canceled the said first contract it is evident that the parties themselves did not treat time as the essence of the contract. The intention of the parties must govern. *Melton v. Smith*, 65 Mo. 315; *O'Fallon v. Kennerly*, 45 Mo. 124; *Glass v. Rose*, 103 Mo. 513; *Estel v. Railroad*, 56 Mo. 282; *Watson v. White*, 38 N. E. Rep. 902; *Hubbel v. Von Schoening*, 49 N. Y. 326; 11 Paige, 352. (2) When the said first contract was mutually canceled by the plaintiff and defendant, the plaintiff had a right to recover back payments made, though the contract provides that on default in payment the plaintiff shall forfeit all rights and payments made. *Shively v. Land & Water Co.*, 33 Pac. Rep. 848; *Cleary v. Falger*, 84 Cal. 316; s. c., 24 Pac. Rep. 280; *Drew v. Pedlar*, 87 Cal. 443; s. c., 25 Pac. Rep. 749; *Bradford v. Parkhurst*, 96 Cal. 102; s. c., 30 Pac. Rep. 1106; *Way v. Johnson*, 58 N. W. Rep. 552. (3) The second contract set up in defendant's answer is a separate and distinct contract from the said first contract and simply gives to the plaintiff, Huggins, an option on said land until the eighth day of June, 1895. (4) This contract would not justify a court of equity to enforce its specific performance. It gives Huggins, the plaintiff, an option until the eighth day of June; if

at the end of this time he declines to take the property, then the contract is at an end. Waterman on Specific Performance, sec. 196; *Glass v. Rowe*, 103 Mo. 539; *Ramsey v. West*, 31 Mo. App. 684; *Bradford v. Limpus*, 10 Iowa, 35; *German v. Machine*, 6 Paige, 292; *Benedict v. Lynch*, 1 John's Chan. 373.

*Hunt & Bailey* for respondent.

(1) The law permits a party to determine by agreement, which enters into the contract, what shall be the damages which he who violates the contract shall pay to the other. 3 Parsons on Contracts [6 Ed.], secs. 155, 157; *Crew v. Gamean*, 14 Mo. App. 505; *Tureman v. Stephens*, 83 Mo. 218; *Kennett v. Scott*, 18 Mo. App. 412; *Monks v. Miller*, 13 Mo. App. 363; *Lanitz v. King*, 93 Mo. 513. (2) The courts construe written contracts as they are, unless vague and ambiguous terms have been used, and, when so used, evidence will be allowed to show their meaning, and courts will then give such construction to the contract as will express the intention of the parties at the time of entering into said contract. *Martin v. Wyman*, 5 Mo. App. 598 (1); *Richerson v. Caffey*, 15 Mo. App. 80; *Michael v. Fire Ins. Co.*, 17 Mo. App. 23; *Fernin v. Railroad*, 89 Mo. 397; *Chapman v. Kansas City*, 114 Mo. 542; *Oberbech v. Sporstman's Park Club*, 17 Mo. App. 810; *Lumber Co. v. Warner*, 93 Mo. 374. (3) Parol evidence is not admissible to vary a contract, but to explain any ambiguity that may be found in the contract. This is an old principle and needs no citations. *County of Jackson v. Wood*, 8 Mo. 489. (4) Insolvency furnishes no excuse for failure to comply with the conditions of a contract. *Shoare v. Veiswaanger*, 18 Mo. App. 236; *Hall v. School District*, 24 Mo. App. 213; *State ex rel. v. Haskaid*, 98 Mo. 359. (5) Where a

party sues on a contract to recover compensation due on its performance, he must show performance thereof on his part, or a legal excuse for nonperformance. *Marsh v. Richards*, 29 Mo. 99.

GILL, J.—On December 12, 1894, plaintiff and defendant entered into a written contract wherein it was agreed that defendant should sell to the plaintiff one hundred and sixty acres of land therein described, for the price of $7,440. Defendant agreed to take from plaintiff, in part payment, a stock of saddles, harness, etc., at its then present value; plaintiff was to assume a certain mortgage on the property and the balance of the purchase price plaintiff was to pay March 1, 1895, at which time defendant was to make plaintiff a deed. Shortly thereafter (the exact date does not appear on the record) the stock of saddles and harness was invoiced and turned over to defendant at the agreed price of $908.06, and defendant indorsed on the face of the contract his receipt for that sum, stating it to be a payment on account of the land.

In the body of this first and original contract, it was stipulated that "if said second party (plaintiff Huggins) fails or refuses to perform his part of said contract as above stated, he shall forfeit as liquidated damages all payments made, and said first party (defendant Safford) shall forfeit as liquidated damages the sum of $500."

Plaintiff Huggins failed to pay the balance of the purchase money on the first day of March as agreed, and defendant, on March 15, made out and tendered to plaintiff a deed, at the same time demanding the balance due on the sale, which plaintiff failed to pay. The matter rested then in this unsettled shape until April 8 following, when plaintiff and defendant met and entered into a new and different contract for the

purchase and sale of the same land, stating on its face that "it is hereby understood and agreed by first and second parties named in this contract that this contract is in lieu and takes the place of any other contract made on this land," and at the same time indorsing on the original contract these words: "This contract is canceled this eighth day of April, 1895, by mutual consent of both parties. Witness our hands and seals this eighth day of April, 1895.

(Signed)            "W. C. HUGGINS,      [SEAL]
                    "W. G. SAFFORD.      [SEAL]
"Witness, R. M. STEVENSON."

The new contract was complete in all its parts and provided for the sale of the same land at the price of $6,532, the plaintiff purchaser to pay this amount, less a $3,000 mortgage named in the agreement, on or before June 8, 1895, "and if payment is not made by the eighth day of June, 1895, then this contract to be null and void," and further, "that in case said Huggins fails to make payment as stated in this contract on or before June 8, 1895, the said Safford is released from all obligations to said Huggins in the matter of this land sale."

Plaintiff failed to pay the purchase price of the land on or before June 8, 1895, as provided in the last contract, or at any other time, and in August following instituted this suit, whereby he sought, in the form of an action for goods sold and delivered, to recover of defendant the value of the saddle and harness stock, to wit, $908.06. In a trial before the court, without the aid of a jury, there was judgment for defendant, and plaintiff appealed.

I know of no principle of law upon which the judgment of the circuit court can be upheld. The substance of the case is this: On December 12, 1894, plaintiff and defendant entered into their first written

contract for the purchase and sale of the land, and as part of the price plaintiff turned over to defendant the stock of goods valued at $908.06. It is true that this first contract stipulated that plaintiff should forfeit that payment (as liquidated damages), if he did not, within a certain time, complete the purchase of the land. Subsequently, however (April 8, 1895), the parties, by mutual agreement, canceled the first contract and entered into a new and different one, expressly stipulating that the last contract was to stand in lieu and in the place of the old one. In this last contract, nothing was said about either party forfeiting anything or paying anything for its violation. It simply and in effect provided that plaintiff might purchase the land at a stipulated price, if the amount was paid on or before June 8, 1895, and if not paid by that time then said contract was to be *null and void*. The plaintiff did not pay the balance of the purchase price at the time agreed, and hence, by the terms of the only written contract then in force and existing between the parties, the agreement to sell became a nullity. After April 8, 1895 (the date of the last agreement), the first or original contract was defunct, was as if never written, and contained no agreement or stipulation binding on either party. The rights, then, of the plaintiff and defendant were to be measured by the terms of the agreement of April 8, 1895. And, as already stated, it was a contract giving to plaintiff a mere *option* to buy the property within the time specified, and gave to neither party any claim for damages for its violation. *Ramsey v. West*, 31 Mo. App. 676.

If this was all, then neither party could claim anything from the other. But it appears that as part payment on the land, as provided for in the first contract, plaintiff turned over to defendant merchandise of the admitted value of $908.06, and this the defend-

ant refused to return or pay for. The law will not permit this. The defendant has that amount of plaintiff's property which in justice and good conscience he ought not to retain. It is likely the court below deemed this $908.06 forfeited to the defendant because of plaintiff's failure to comply with the terms of the original agreement. But this can not be, for the reason that said contract was by mutual agreement rescinded and canceled and another made in lieu thereof. Nor can the defendant claim said $908.06 as a forfeiture or liquidated damages for the plaintiff's failure to complete the purchase under the terms of the last contract; for, as already stated, it was a mere option and gave to neither party a right to damages or forfeiture. The law looks with disfavor on such forfeitures and will only enforce a claim therefor when it is clearly shown that the parties so intended.

Under the undisputed facts, then, the plaintiff should recover of defendant $908.06, with six per cent interest from the institution of this suit, and the judgment will therefore be reversed and cause remanded, with directions to enter such a judgment. All concur.