JAMES H. CROWLEY, Appellant, v. SALLIE Y. SOMER-
VILLE and JASON C. SOMERVILLE, Respondents.

St. Louis Court of Appeals, April 7, 1897.

Real Estate Agent: COMMISSION. To entitle a real estate agent to a commission for the sale of real estate, he must have been at least the procuring cause of the sale.

*Appeal from the St. Louis City Circuit Court.*—HON.
THOS. A. RUSSELL, Judge.

AFFIRMED.

*H. M. Pollard* for appellant.

Although a sale by an agent is effected on terms other than those authorizing him to·sell, the principal, by making the deed, ratifies the sale, and is bound to pay the commission. *Gelatt v. Ridge*, 117 Mo. 561; *Wood v. Stephens*, 556; *Jones v. Perry*, 37 Mo. App. 128; *Bass v. Jacobs*, 63 *Id*. 393.

The agent is entitled to his commission if the sale is brought about through his exertions, or agency, even though the final negotiations were conducted without his knowledge, and the owner, in order to make the sale, was compelled to vary his original price and terms. *Wetsell v. Wagoner*, 41 Mo. App. 516; *Stinde v. Blesch*, 42 *Id*. 581, and citations.

The agent is to secure a purchaser and bring him and his principal together. He does not have to negotiate the trade or to make the actual sale; and the fact that the principal did not know the purchaser had been procured by plaintiff, is immaterial. *Millan v. Porter*, 31 Mo. App. 576. See, also, *Bass v. Jacobs*, *supra; Timbermann v. Graddock*, 70 Mo. 638; *Bell v. Kaiser*, 50 *Id*. 150; *Goffe v. Gibson*, 18 Mo. App. 1; *Tyler v. Parr*, 52 Mo. 251; *Jones v. Perry, supra; Brennen v. Roach*, 47 Mo. App. 290; *Beauchamp v. Higgins*, 20 Mo. App. 517; *Gaty v. Slack*, 19 *Id*.

*W. C. & J. C. Jones* for respondents.

Haynes was "the procuring cause" of the sale from Mrs. Somerville to Mr. McCluney. *Ramsay v. West*, 31 Mo. App. 677, 687; *Brennan v. Roach*, 47 *Id*. 290, 296; *Stinde v. Blesch*, 42 *Id*. 578, 582.

Haynes, according to his own theory, was only entitled to compensation out of the excess over $33,000 paid by a purchaser procured by him, for the house

and sixty feet of ground. *Reiger v. Bigger*, 29 Mo. App. 421, 427; *Blockwell v. Adams*, 28 *Id*. 63.

Haynes did not perform whatever contract he may have had, because the property sold to McCluney was materially different from that which Haynes offered McCluney. *Cox v. Bowling*, 54 Mo. App. 289, 291; *Beauchamp v. Higgins*, 20 *Id*. 514.

The agency, if any existed, was abandoned by Haynes. *Jones v. Perry*, 37 Mo. App. 128; *Stedman v. Richardson*, 31 S. W. Rep. 259.

BLAND, P. J.—In 1894, D. R. & L. C. Haynes, brothers, were real estate agents doing business in the city of St. Louis. Respondent, Sallie Y. Somerville, in 1894, owned a lot of ground sixty feet front, in Westminster Place in said city, upon which was a residence, where she resided with her husband, Jason Somerville. D. R. Haynes, in the fall of 1894, was showing Mr. John F. McCluney various pieces of resident property with a view of selling to him. While looking at property across the street from the Somerville residence, McCluney remarked to Haynes, that the house across the street (the Somerville property) would suit him. Haynes agreed to look the matter up and see if the property could be bought. In a few days he saw Somerville, had several conferences with him and Mrs. Somerville, and it was finally agreed that the Somervilles would sell the property for $33,000 net. Haynes spoke of his commissions. Somerville said he would have nothing to do with the commissions, that they wanted $33,000 net for the property. Haynes then suggested that he would ask $35,000, drop to $34,000, and take his commissions fixed by him at $875 out of the extra thousand. To this the Somervilles made no objections. On January 22, 1895, Mrs. Somerville bought fifteen feet front adjoin-

ing her property, for which was paid $2,035. Haynes
at no time offered the property to McCluney for less
than $34,000, at which price McCluney declined to
purchase. In March, 1895, the Somervilles placed the
property with C. C. Nicholls, a real estate agent, for
sale. Haynes was informed of this fact and made no
objection to it. In May, 1895, Nicholls sold the prop-
erty (seventy-five feet front) to McCluney for $33,500;
of this he received $500 as commission paid to him by
McCluney. On June 4, 1895, the Haynes brothers
made out an account for $875 against the Somervilles,
as and for services for selling their property, which
they assigned to appellant, and upon which he has
brought this suit.

There is, as to all material issues in this case,
practically no dispute by the testimony. It is undis-
puted that Haynes was trying to find a
house he could sell to McCluney. It is
undisputed that he solicited the Somer-
villes to let him sell their house. It is undisputed that
the Somervilles refused to have anything to do with
Haynes' commissions. It is undisputed that Haynes
agreed to ask an extra thousand for the property, and
get his commission from the extra thousand. It is
undisputed that he did ask McCluney the extra thou-
sand and that McCluney refused to purchase at that
price. It is undisputed that Somerville employed
another agent to sell the property, and that Haynes,
when informed of the fact, made no objection, nor
any claim to commissions, if sale should be made by
the other agent. The sale was made by the other
agent, and his commission paid by the purchaser.
Upon what ground a claim for commissions on this
sale can be made by the Haynes Brothers, we are
at a loss to know. To entitle him to commission he
must have been at least the procuring cause of the

<div style="margin">REAL estate
agent: commis-
sion.</div>

sale. *Ramsay v. West*, 31 Mo. App. *loc. cit.* 687; Ewell on Agency, 341. This he was not. The most that can be said is, that he, by chance, brought McCluney in view of the house; that McCluney was pleased with the property; that for that reason Haynes looked up the owner, procured the privilege of selling it on terms which he was never able to carry out with McCluney or any other person. The evidence is all one way to the effect, that the Somervilles agreed that Haynes might sell the property if, by such sale, they would realize $33,000 net; that they refused to have any agreement with him about commission or to agree to pay him any commission. He was to make that for himself by a sale, over and above the $33,000. He was unable to make such a sale to McCluney or any other person. The evidence being insufficient to warrant a recovery, it is unnecessary to examine the instructions. The judgment was for the right party and will be affirmed. It is so ordered. All concur.