WALLACE & EVES, Appellants, v. LOUIS FIGONE, Respondent.

**Kansas City Court of Appeals, April 4, 1904.**

1. **REAL ESTATE BROKER: Sale: Revocation of Agency.** Where an owner of land makes a sale himself it operates to revoke the authority of the broker without notice thereof and the broker can not thereafter recover though he complied with the terms of the contract.

2. **CONTRACTS: Option: Non-Enforceable: Consideration.** A contract in writing under seal granting an option to purchase land for a certain price will not be enforced when the agreement is without consideration and the consideration mentioned in the opinion is held insufficient to validate an alleged option.

**On Motion for Rehearing.**

3. ————: **Option to Sell Real Estate: Consideration.** Where a consideration is a mere pretext and not being of sufficient importance to be inserted in the writing, it is not sufficient to support an agreement.

4. ————: ————: **Uncertain Terms: Specific Performance.** Where the agreement to sell real estate stipulates that the terms of sale shall be fixed at a future time it can not be enforced by specific performance and does not amount to a sale.

Appeal from Johnson Circuit Court.—*Hon. William L. Jarrott,* Judge.

REVERSED AND REMANDED.

*J. W. Suddath* and *M. D. Aber* for appellants.

(1)   The agency of plaintiffs could not be revoked by any act of defendant, without giving them notice thereof.   Bailey v. Chapman, 41 Mo. 537; Gaty v. Sack, 19 Mo. App. 470; Lane v. Albright, 49 Ind. 275; Fox v. Rouse, 47 Mich. 558; Iselin v. Griffith, 62 Iowa 668; Ford v. Easley, 88 Iowa 603; Woodall v. Foster, 91 Tenn. 195; Reed v. Reed, 82 Pa. St. 420; Middleton v. Findla, 25 Cal. 76; Blood v. Shannon, 29 Cal. 359; Phelan v. Gardner, 43 Cal. 306; Waterman v. Bollinghouse, 82 Cal. 659.   If the agent produces to the principal a purchaser able and willing to purchase, and the principal refuses to sell, upon the terms named in the contract creating the agency, the principal is liable to the agent for the agreed compensation.   Bailey v. Chapman, 41 Mo. 537; Woods v. Stephens, 46 Mo. 557; Nesbitt v. Hessler, 49 Mo. 385; Budd v. Zoller, 52 Mo. 242; Carpenter v. Rynders, 52 Mo. 278; Barnard v. Monnot, 33 How. Prac. 440; Glentworth v. Luther, 21 Barb. 145; Moses v. Bierling, 31 N. Y. 462; Koch v. Emmerling, 22 How. 69; Keys v. Johnson, 68 Penn. St. 42; Love v. Owens, 31 Mo. App. 501; Harwood v. Diemer, 41 Mo. App. 49; Reeves v. Vette, 62 Mo. App. 440; Wright v. Brown, 68 Mo. App. 577, and numerous other references, including the entire current of Missouri authority.   (3)   That a sale is a voluntary act disabling the principal from performing, is elementary.   To make a sale, the seller must "acknowledge the instrument witnessing the sale, to be his free and voluntary act and deed."   R. S. 1899, sec. 913.   (4)   A special agency contract, like the one sued upon, is valid until revoked by notice to the agent, or by death of principal, or destruction of subject-matter or by some outside intervening agency.   Bailey v. Chapman, 41 Mo. 537; Woods v. Stephens, 46 Mo. 557; Fox v. Rouse, 47 Mich. 558; Iselin v. Griffith, 62 Iowa 668; Phelan v. Gardner, 43 Cal. 306; Gaty v. Sack, 19 Mo. App. 470.   (5)   Even though a sale of the principal's property should *ipso facto* terminate the agency without notice, yet the contract in

evidence was not a sale. It was simply a unilateral agreement, providing for a possible contingent sale in the future. Sankey nowhere agreed to purchase. It was void of mutuality of agreement, obligation, or remedy. Bean v. Valle, 2 Mo. 126; Luckett v. Williamson, 37 Mo. 388; Moss v. Green, 41 Mo. 389; Tull v. David, 45 Mo. 414; Mason v. Payne, 47 Mo. 517; Lewis v. Ins. Co.; 61 Mo. 534; Mers v. Franklin, 68 Mo. 129; Ivory v. Murphy, 36 Mo. 534; Gleason v. Bailey, 14 Johns 489; 1 Sugden on Vendor and Purchaser, 196; 1 Parsons on Contracts, 449; 1 Chitty on Contracts, secs. 11 and 16.   (6)   And such contracts have been held to be void at law and not such as would sustain an action for damages. Defendant could have sold to plaintiffs' client and would not have been liable to Sankey for damages. Ramsey v. West, 31 Mo. App. 684; Huggins v. Safford, 67 Mo. App. 469.

*Charles E. Morrow* for respondent.

(1)   The fact that a man places his property in the hands of a broker to sell, does not deprive him of the right to sell it himself. His right to sell it himself is inherent and he is not restricted unless in the contract he specially agrees that he will not exercise this right. And, when the owner makes a sale himself, it operates to revoke the authority of the broker without notice, for the reason that the subject-matter of the contract is destroyed and gone, and his agency has expired by the terms of its creation. Jones v. Berry, 37 Mo. App. 125; Hill v. Jebb, 18 S. W. 1047, 55 Ark. 574; Baars v. Hyland, 67 N. W. 1148, 65 Minn. 150; Ahren v. Baker, 34 Minn. 98, 24 N. W. 341; Stewart v. Murray, 92 Ind. 543, 47 Am. Rep. 167; Dole v. Sherwood, 41 Minn. 533, 43 N. W. 569; McClave v. Paine, 49 N. Y. 561, 10 Am. 531; Wylie v. Bank, 61 N. Y. 415; Hungerford v. Hicks, 30 Conn. 259; Darrow v. Harlow, 21 Wis. 302, 94 Am. Dec. 541; Lloyd v. Matthews, 51 N. Y. 125; Keys v.

Johnson, 68 Penn. St. 42; Walker v. Denison, 86 Ill. 142; Doonan v. Ives, 73 Ga. 295; Bissell v. Terry, 69 Ill. 184; Dolan v. Scanlon, 57 Cal. 261; Kelly v. Brennan, 55 N. J. Eq. 423, 37 Atl. 137; Gilbert v. Holmes, 64 Ill. 548; Cook v. Porst, 116 Ala. 395; De Cordova v. Bahn, 74 Tex. 645; Mechem on Agency, sec. 969; Reinhard on Agency (1902), sec. 160; 2 Am. and Eng. Ency. of Law, 584, 1 Am. and Eng. Ency. of Law 1219; Story on Agency, secs. 462-475; Tiffany on Agency, pp. 134-135; see note, 44 L. R. A. 344. It is the same where land is placed with several brokers. A sale by one immediately, without notice, revokes the authority of the others. Ahern v. Baker, 24 N. W. 341; Reinhard on Agency, sec. 160. (2) The contract is not void. It is formal and specific in its terms. It recites a consideration, and the evidence shows an actual money consideration paid. It was enforcible in equity. Davis v. Petty, 147 Mo. 383; Mason v. Pogue, 47 Mo. 517, 9 Cyc. 334. The cases cited by defendant are cases where there was no consideration, and do not apply here. (3) It is not necessary that the consideration should be adequate in point of value in order to be sufficient. Brownlow v. Wollard, 66 Mo. App. 636.

BROADDUS, J.—This is a suit for commission for sale of defendant's land. The plaintiffs, S. R. Sankey and one Boissean, were respectively independent agents of defendant for the sale of his land. The plaintiffs procured a purchaser by the name of Horton who was able to buy the land and who agreed to take it at defendant's price; but prior thereto defendant had entered into an option contract with said Sankey to sell the land to him, and when plaintiffs produced their purchaser defendant declined to accept him as such. Sankey afterwards sold the land with other property to another party and defendant conveyed to the purchaser. The contract of sale between said Sankey and defendant is as follows:

"This agreement made this thirty-first day of May, A. D., 1902, by and between Louis Figone, party of the first part, and S. R. Sankey, party of the second part, witnesseth: That the party of the first part, in consideration of one dollar and other valuable consideration, the receipt of which is hereby acknowledged, hereby agrees to sell to said party of the second part and to convey by general warranty deed, with abstract showing perfect title, to said party of the second part or to such person or persons as he may direct, at such time as said party of the second part may request said conveyance between this date and the first day of January, the following described lands situated in the county of Johnson and State of Missouri (describing it), for and in consideration of the sum of eight thousand dollars, payable as follows: cash on delivery of deed; or one-half on time if terms can be agreed upon at time of sale. It is understood and agreed that said purchase shall be made at the option of the said party of the second part, and if said party of the second part does not elect to so purchase said land on or before said first day of January, 1903, then this contract shall be null and void. If farm is sold by the fifteenth of June, 1902, purchaser is to receive a landlord's share of all crops; and if sold thereafter and before the first day of September, 1902, to receive the third of the corn crop on the premises. If purchaser receives any part or share of the crops he is to pay the taxes for this year. In witness whereof, etc."

There was a trial and verdict for the defendant. The giving and refusing of instructions raised two questions, viz.: Was the plaintiff entitled to a verdict upon a showing that he had produced a purchaser able and willing to buy the land, notwithstanding defendant had already sold it to another, if he had so sold it? Did the option contract in evidence constitute a sale?

The great weight of authority is to the effect that, when the owner makes a sale himself it operates to revoke the authority of the broker without notice. Ahern

v. Baker, 34 Minn. 98; Walker v. Denison, 86 Ill. 142; Bissell v. Terry, 69 Ill. 184; Dolan v. Scanlon, 57 Calif. 261; Tiffany on Agency, pp. 134, 135; Mechem on Agency, sec. 969; Parson on Contracts, 71; Reinhard on Agency, section 160. Many other authorities are to the same effect. We feel constrained in the absence of any decision in this State on the question to adopt the rule found in the foregoing cases and to hold that where the principal has made a sale himself it operates as a revocation of the authority of the agent, and no notice to said agent of such sale is necessary. And we do not believe the rule is in conflict with that laid down in Bailey v. Chapman, 41 Mo. 536, and numerous other decisions of the appellate courts of this State to the effect that "A broker employed to make a sale under an agreement for a commission is entitled to payment when he makes a sale in good faith according to instructions, and the principal can not relieve himself from his liability by refusing to consummate the sale, or by any voluntary act of his own disabling him from performance." In the latter instance the broker at the time he makes the sale is acting under the authority of an unrevoked agency. In the former instance the authority of the agent is revoked by a sale made by the principal.

The next consideration is, did the writing in question constitute a sale? A similar instrument was held to be void. Ramsey v. West, 31 Mo. App. 684; Huggins v. Safford, 67 Mo. App. 469. In the latter case the court held: "A contract for the sale of certain land on a certain day 'and if payment is not made by said day that this contract is to be null and void' and the vendor released from all obligations to the vendee is a mere option to buy the property within the specified time and gives to neither party a claim for damages for its violation." And in Davis v. Petty, 147 Mo. 374, it was held: "An agreement in writing and under seal by the owner of land granting an option to purchase the same for a

certain price will not be enforced when the agreement for such option is without any consideration to support it.''

But the defendant claims that there was a consideration for the agreement here. The evidence upon that question was as follows:

''Q. Well, Mr. Sankey, what if any consideration did you pay for this contract? A. Well, in consummating another trade, I had an option on two hundred and forty acres I had just sold prior and there was an account for notary work, some $3 or a little over, and he was in my office and in settling up he paid off the abstract in the case and asked me how much he owed me. I told him something like $3 notary fee, but that I would not charge him if he would give me the same contract on the other place and I would sell it, too. That account was the consideration for this option.'' No court of equity would grant specific performance on such a consideration. And in our opinion, the so-called consideration was not of sufficient importance to give validity to the said writing as a contract for a sale. The only force the writing imported was an authority for Sankey to sell. And it seems that it was so treated by the parties. It therefore follows that at the time plaintiff produced a purchaser for the land it was still in the power of the defendant to have consummated the sale and accept the purchaser so produced. And it follows, as a necessary sequence, that the so-called contract did not operate as a revocation of plaintiff's agency.

The court was in error in refusing instructions numbered A, B, C, D and E offered on the part of plaintiff and in giving instructions 2, 3 and 4 for the defendant, the former (number two) being irrelevant as there was no evidence of sale made by defendant prior to the time plaintiff under all the evidence produced a purchaser for the land.

For the reasons given the cause is reversed and remanded. All concur.

Wallace & Eves v. Figone.

## On Motion for Rehearing.

BROADDUS, J.—Appellants contend that court was in error in holding that there was no sufficient consideration for the contract of sale between Sankey and defendant, and that said contract otherwise did not in law constitute a sale. The authorities cited are to the effect any appreciable consideration is sufficient to support a contract of the kind in question. Green v. Higham, 161 Mo. 333; Anderson v. Gaines, 156 Mo. 664.

In the original opinion we held that the consideration claimed to support the writing as a contract was not sufficient. We still think so, as at best it was merely a pretext, and was not deemed of sufficient importance, by the parties, to be inserted in the writing.

But the motion will have to be overruled for another reason. The writing stipulates that the purchase-money is to be paid: "Cash on delivery of deed; or one-half on time if terms can be agreed upon at time of sale." As the terms of payment are uncertain a decree of specific performance would not be decreed. Paris v. Haley, 61 Mo. 453. "An agreement for sale of lands in which it is stipulated that the purchase-money is to be paid, on such terms as may be agreed on between the parties can not be enforced in equity." Huff v. Shepard, 58 Mo. 242. "Such an undertaking to settle terms at a future day, is beyond the reach of any decree for specific performance." We are satisfied with the original decision.

The motion is overruled. All concur.