WEISELS-GERHART REAL ESTATE COMPANY, Appellant, v. WAINWRIGHT, Respondent.

St. Louis Court of Appeals, December 3, 1907.

REAL ESTATE BROKER: Commissions: Terms of Sale. A real estate agent who had for sale, but not the exclusive agency for, a lot of real estate, found a purchaser and notified the principal that he had sold, but on terms differing from those authorized. In the meantime the principal had sold to another party and so notified the agent. The agent could not recover a commission for his sale though he actually closed the contract with his purchaser on the terms authorized.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Stern & Haberman* for appellant.

(1) An agent earns his commission in procuring a contract of purchase from a purchaser who is ready, able and willing to buy upon the seller's terms and the owner cannot relieve himself by refusal to consummate

the transaction. Real Estate Co. v. Ruhlman, 68 Mo. App. 506; Wright v. Brown, 68 Mo. App. 583; Brown v. Smith, 113 Mo. App. 69; Goodson v. Embleton, 106 Mo. App. 82; Gaty v. Foster, 18 Mo. App. 644; Hayden v. Grillo, 42 Mo. App. 3; Huggins v. Hearne, 74 Mo. App. 86; Chipley v. Leathe, 60 Mo. App. 20; Finch v. Guardian, 92 Mo. App. 271. (2) An agent employed to sell property with no definite limit for time of performance has a reasonable time within which to find a purchaser and a revocation of the authority must be upon notice. Sallee v. McMurry, 113 Mo. App. 267; Sibbald v. Iron Works, 83 N. Y. 378; Jones v. Berry, 37 Mo. App. 125; Gaty v. Sack, 19 Mo. App. 470; McCray v. Pfost, 118 Mo. App. 676.

*Kehr & Tittmann* for respondent.

(1) Appellant did not have and does not claim to have had an exclusive agency for the sale of the property, nor an agency for any specific period of time. It was therefore respondent's right at any time to sell the property himself or through any other agent; and a sale so made, at once revoked appellant's authority. Cook v. Frost, 116 Ala. 395; Johnson v. Wright, 124 Ia. 61; Wallace v. Figone, 107 Mo. App. 366; Loving Co. v. Cattle Co., 176 Mo. 330; Baars v. Hyland, 65 Minn. 150; Darrow v. Harlow, 21 Wis. 302. (2) There is no principle of law more universally enforced by the courts than that demanding the entire loyalty of the agent to the interests of his principal. Smith v. Tyler, 57 Mo. App. 672; Hafner v. Herron, 165 Ill. 247; Martin v. Bliss, 57 Hun 157; Pratt v. Patterson, 112 Pa. St. 475; Phinney v. Hall, 101 Mich. 451; Henderson v. Vincent, 84 Ala. 99; Ballinger v. Wilson, 53 Atl. 488.

STATEMENT.—Respondent is a resident of France; in 1895, he owned a lot in city block No. 3747, in the city of St. Louis, fronting 122 feet on the south line of Finney avenue, by a depth of 155 feet on Vandeventer

avenue, with the improvements thereon. Appellant is a Missouri corporation, doing a real estate business in St. Louis. On April 11, 1895, respondent, in answer to a letter from appellant, authorized it to sell his lot and fixed the price at $100,000, less appellant's commission. Thereafter frequent cablegrams passed between the parties in respect to the condition of the property and the price for which it could be sold. Appellant undertook to induce respondent to reduce the price to a sum for which it thought it might be able to sell the lot. Finally respondent cabled appellant he would accept $80,000 for the property, $35,000 cash, "balance terms as cabled, buyer to pay taxes this year." "Terms as cabled," in this dispatch, probably has reference to a cablegram of September 21st, in which respondent stated, "Price ninety thousand, terms easy." On Saturday, November 25th, appellant made a verbal contract with Adolph Pfeiffer to sell him the property for $80,000, terms $35,000 cash, the remainder ($45,-000) to be payable in five years, with interest at 4 1-2 per cent per annum, payable semiannually, by interest notes secured by deed of trust on the property, purchaser to pay taxes for 1906. Pfeiffer paid $1,000 as earnest money, took a receipt therefor, and on the same day appellant prepared a written contract containing the terms of the purchase and signed it; but Pfeiffer did not sign it on that day, for the reason, as he stated, he did not want to bind himself to carry out the contract until he had seen his wife, and testified that if she had objected he would not have signed it. Witness also testified he desired to see Gov. O'Meara to learn if he could make a trade with him on terms that O'Meara had previously offered appellant, to-wit, to pay $85,000 for respondent's property, if respondent would take his (O'Meara's) residence property, situated in another part of the city, at $15,000. Pfeiffer's wife did not object to the purchase. He did not succeed in making the

trade with O'Meara, and on Monday morning, November 27th, went to the office of appellant and signed a contract, and appellant immediately cabled respondent as follows:

"St. Louis, November 27, 1905.
"To Glaenstark,
        "Paris.

"Finally successful, Vandeventer Finney sold eighty thousand as cabled Saturday twenty thousand cash ten two years ten three years ten four years thirty five years, all on or before four half per cent thirty days to close. Wire acceptance.

"WEISELS-GERHART."

It should be stated here that "Glaenstark" was the cipher name of respondent. On the following day appellant received the following cablegram from respondent:

"Joncherysurvesle, via French, Nov. 28, '05.
"To Weisels-Gerhart,
        "104 N. 8th, St. Louis, Mo.
"Your offer too late property already sold.
                "GLAENSTARK."

The suit is to recover 2 1-2 per cent commission on $80,000 the price for which appellant sold the property to Pfeiffer.

Appellant's evidence shows that Frank H. Gerhart is in business with the F. H. and T. S. Gerhart Real Estate Company, and has had business transactions with respondent for a number of years; that he begun a correspondence with respondent about the sale of the Finney and Vandeventer avenue property, in August, 1905, and respondent gave him the price he was willing to sell the property for, to-wit, $90,000. Gerhart testified he learned of the cablegram authorizing appellant to sell the property for $80,000, on the day it was re-

ceived (Nov. 25, 1905) and immediately called on Judge
Valle Reyburn and offered him the property for $80,000
cash. Judge Reyburn verbally accepted the offer and
Gerhart immediately cabled the acceptance to respond-
ent. No answer was received and Judge Reyburn was
induced to offer $81,000 cash for the property, with the
understanding that Gerhart was to pay him $500 out of
his commission. On November 27th, Gerhart cabled
the offer of $81,000 cash to respondent, and on the fol-
lowing day received an answer accepting the offer. A
written contract was then executed, the purchase price
paid by Judge Reyburn and a deed executed conveying
the property to him.

The issues were submitted to the trial judge, sit-
ting as a jury, who, at the close of all the evidence, gave
a declaration of law to the effect that under the plead-
ings and the evidence appellant could not recover, and
rendered judgment for respondent.

BLAND, P. J. (after stating the facts).—Appel-
lant's cablegram of November twenty-seventh was not
a notice to Wainwright, that the property had been
sold on the terms authorized by him; on the contrary,
it was notice that a proposition had been made to pur-
chase the property at the price authorized, but on terms
materially different from those Wainwright had au-
thorized appellant to sell for, and a request to him to
accept the proposition as wired. The terms for which
appellant was authorized to sell the property were,
$35,000 cash, balance in five years at 4 1-2 per cent in-
terest per annum, purchaser to pay taxes for 1906. The
terms of the cablegram were $20,000 cash, $10,000 in
two years, $10,000 in three years, $10,000 in four years,
and $30,000 in five years; and the fact that on the fol-
lowing Monday a written contract was entered into,
on the terms authorized, of which Wainwright had no
notice, did not affect his right to revoke appellant's

agency, which right he had for the reason appellant did not have, or claim to have, the exclusive agency for the sale of the property (Geo. B. Loving Co. v. Hesperian Cattle Co., 176 Mo. 330, 75 S. W. 1095; Wallace & Eves v. Figone, 107 Mo. App. 366-7, 81 S. W. 492), and there is no evidence that Wainwright had any intimation that the contract had been entered into on November twenty-seventh, between appellant, as his agent, and Pfeiffer, until after he had accepted the proposition wired him by F. H. Gerhart, and is therefore not liable to appellant for a commission for effecting the contract of sale to Pfeiffer. [Johnson Bros. v. Wright, 124 Iowa 61.]

The judgment is affirmed. All concur.