FRED J. GOULD, Respondent, v. JOHN P. St. JOHN
et al., Appellants.

Kansas City Court of Appeals, January 16, 1911.

1. **AGENCY: Real Estate: Division of Commission.** If real estate
agents having lands for sale for other parties contract with
another agent agreeing to give him "one-half of all gross
profits made by us in the sale of any real estate to customers
brought or sent to us by you," they are liable to such agent
who produces a buyer who makes the purchase of such agents
153 App—33

2. ———: ———: New Trial: Second Appeal. Where a new trial was granted to a defendant on account of the evidence not preponderating in favor of the plaintiff, and an appeal taken from that order to an appellate court which sustained the trial court, and on the second trial additional evidence is had in the plaintiff's favor, making a case for the jury, and a verdict is again rendered for plaintiff, a second new trial should not be granted on the ground of the weight of evidence.

3. ———: ———: ———: Instructions. Instructions which are liable to mislead or which call special attention to one phase of the evidence, are properly refused.

Appeal from Morgan Circuit Court.—*Hon. W. H. Martin,* Judge.

AFFIRMED.

*Hazel, Edwards & Lay* for appellant.

(1) The demurrer offered by the defendants at the close of plaintiff's case should have been sustained. Under the evidence the plaintiff had signally failed to make a case. While the law protects the rights of an agent to recover his commission, still, on the other hand the agent must do certain things and bring himself within the rule. He, the agent, must be the procuring cause of the sale. He must produce a purchaser who is ready, willing and able to buy. Hayden v. Grillo, 35 Mo. App. 647; Stinde v. Scharff, 36 Mo. App. 15; Christensen v. Wooley, 41 Mo. App. 53; Hayden v. Grillo, 42 Mo. App. 1; Zeidler v. Walker, 41 Mo. App. 118; Ramsey v. West, 31 Mo. App. 676. And the agent must have been, at least, the procuring cause of the sale being made. It is not sufficient that he be one of the causes of the sale. He must be the proximate and dircet cause of the sale being made. Crowley v. Somerville, 70 Mo. App. 376. (2) Error was committed by the trial court in allowing conversations and correspondence had between plaintiff and various other parties, such as Lucas and Waldeck. to be admitted in evidence. There parties

were strangers to the suit of Gould v. St. John and Noyes, and to the contract and transaction involved in that case.

*Scott J. Miller* for respondent.

(1) The appellants in this case have had one new trial, on account of the insufficiency of the testimony to support the verdict, and because the verdict was against the weight of the testimony (207 Mo. 623); and under our statute they are not entitled, on a second trial, to urge this point again. Sec. 801, R. S. 1899, and authorities thereunder cited. (2) The court did not err in overruling the demurrer offered by appellants at the close of plaintiff's case, and at the close of the entire case. If there was any competent testimony offered, the case must be submitted to the jury. Schermerhorn Bros. v. Herold, 81 Mo. App. 461; Pauck v. Company, 159 Mo. 467. (3) A demurrer to the evidence implies that, conceding the truth of everything plaintiff intends to prove with all favorable inferences which may fairly be drawn from it, there is still no substantial testimony to warrant a verdict in favor of plaintiff. Buckley v. Kansas City, 156 Mo. 16. (4) In this case, with the additional testimony offered, positive in its nature, there was an avalanche of testimony in favor of plaintiff's contention and defendants' defense was completely routed. Therefore, there was no testimony, worthy of consideration, against plaintiff's contention. (5) Gould was the moving cause. Leonard v. Roberts, 36 Pac. Rep. 882; Loyd v. Mathews, 51 N. Y. 124; Lincoln v. McClatche, 36 Conn. 136; Crone v. Trust Co., 85 Mo., 601; Carter v. Webster, 79 Ill. 346.

ELLISON, J.—Plaintiff's action was brought to recover commission on the sale of real estate. He alleges that defendants were agents engaged extensively in the sale of real estate and that they, desiring the as-

sistance of plaintiff, entered into the following contract
with him, viz.:

"Fred J. Gould, Versaillies, Mo.

"Dear Sir:—We will give you one-half of all the
gross profits made by us in the sale of any real estate to
customers brought or sent us by you.   When the party
is sent us, you must give them a letter of introduction,
or otherwise notify us, before such sale is made that
such buyer is your customer.   We will pay you your
share in each sale as soon as the same is completed.
You to transact this class of business in this county sole-
ly through our firm.   You to bear your own expenses;
we to bear ours; this arrangement to be terminated at
the will of either of us, but such termination not to in-
terfere with any deal on hand, or otherwise made.

Very truly yours,

St. John & Noyes.

"I hereby accept the above conditions and will use
my best efforts for the success of the undertaking.

Fred J. Gould."

There was a judgment for plaintiff in the trial
court.

This is the second appeal of the case.   At a former
trial the verdict and judgment was for plaintiff and it
was set aside and a new trial granted.   From the or-
der granting the new trial plaintiff appealed to the Su-
preme Court, where the order was affirmed. The cause
was then again tried and this appeal taken. It was ap-
pealed to this court on account of the recent increase of
jurisdiction bringing it within the pecuniary limit of
cases appealable to this court.

Both trials of the case took a wide range in matter
of evidence and the opinion of the Supreme Court (207
Mo. 619) contains a complete statement of the claim of
the respective parties, as well as a detailed recitation of
the evidence bearing upon these claims.   We need not

set them out, but refer to the report of the case just cited for its complete history.   In the second trial of the case there   was  additional  testimony  in  plaintiff's  behalf which, in the opinion of the trial court, relieved his case of the embarrassment of not having a preponderance of evidence in his favor, which that court and the Supreme Court thought it lacked at the first trial.

We have gone over the evidence in connection with the oral and written arguments of the counsel, and have concluded that the plaintiff made a case which entitled him to the opinion of a jury as to his right to recover.

The particular claim made by him is that he discovered to defendants the parties who finally bought a tract of land several thousand acres, with coal underlying much of it.   That defendants were authorized to sell what were known as the Halderman tract, the Hubbard & More tract and the Bailey tract. That he brought parties to Morgan county to examine the latter tract, with a view of buying it, and while there for that purpose, not succeeding in selling it to them, he called their attention to the Halderman tract and in that way caused them to purchase it of defendants.   In a general way, the trial court instructed the jury in behalf of plaintiff that if they believed this to be the fact, plaintiff was entitled to one-half of commissions defendants may have made out of the sale.   We think there can be no doubt that the jury, under these instructions, in connection with those for defendants, must have believed that plaintiff, within the rule stated in Ramsey v. West, 31 Mo. App.  676, and Crowley v. Somerville, 70 Mo. App. 376, was the procuring cause of the sale by producing the parties who afterwards purchased.

We do not consider that defendants have any substantial ground of complaint as to the instructions.   As a series they certainly left no room for misunderstanding on the part of the jury.   Those for the defendants covered every point of legitimate defense and the objec-

tions made as to those refused are in greater part technical. Of the latter, No. 6 is the subject of principal complaint. It stated that if plaintiff was introduced to C. W. Waldeck as the partner of defendants when he was not, and that plaintiff permitted such deception by his actions and otherwise, and if by such deception he obtained the name of Magenheimer as a possible or probable purchaser of the land and telegraphed to him, then such telegrams and the answer thereto should be disregarded in making a verdict, "unless you further believe that said Gould procured and induced or caused to be procured the purchaser for said lands fairly." We find it difficult to understand the instruction. It is subject to the criticism made by plaintiff's counsel. Notwithstanding what it terms a fraudulent assumption of partnership between plaintiff and defendants whereby he obtained the name of a prospective purchaser who bought the land, yet it is a concession that the purchaser may have been procured "fairly". At any rate, the effect of the instruction, as offered, was to select a special circumstance claimed by defendants, and thus give it prominence with the jury. We think that defendants' case had been clearly enough set forth in other instructions and that they were not entitled to this one, making special selections of a certain feature of it. We find no cause of complaint as to the admission of evidence.

The sum of the whole matter is that the case was one depending upon the solution of a great amount of contradictary testimony, much of which was subject to inferences of a nature favorable or unfavorable to either party, depending upon the point of view from which they were considered. It is a case, therefore, particularly for the determination of a jury. There has been no error that can be considered of substance, and with the result we have no right to interfere. The judgment will be affirmed. All concur.