GOLDSMITH *v.* COOK.

*(Common Pleas of New York City and County, General Term.*   June 1, 1891.)

FACTORS AND BROKERS—COMMISSIONS—SALE BY OTHER BROKERS.

  · In an action by a real-estate agent for commissions in effecting a sale of land, defendant may show that he employed another broker, who made a sale before plaintiff introduced the purchaser procured by him.   Reversing 13 N. Y. Supp. 578.

Appeal from city court, general term.·

Action by Isaac Goldsmith against Valentine E. N. Cook for commissions on a sale of real estate.   A judgment entered on a verdict for plaintiff at a trial term of the city court and an order denying a motion for a new trial were affirmed by the general term of the city court.   Defendant again appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Smith Tuttle,* for appellant.   *J. Grant Mitchell,* for respondent.

DALY, C. J.   The action was brought to recover commissions as real-estate broker, the plaintiff claiming that he was employed by the defendant to sell certain premises at the price of $13,000, and that he produced to defendant a. purchaser at that price.   The defense was a denial of the alleged employment, and an averment that defendant had previously placed the property in the hands of his brokers for sale, and that they had obtained an offer for the premises at $13,150, which he had accepted before the plaintiff produced his customer.   Upon the trial the court excluded evidence of the employment by defendant of other brokers, and that, before the plaintiff introduced the purchaser he had procured, such other brokers had obtained the refusal of the property from defendant, and effected a sale which was subsequently consummated.   This was error, and the exceptions taken by the defendant to the rulings of the court require a reversal.   "The employment of a broker does not preclude the owner from making any efforts to sell, or from receiving offers and closing a sale to a purchaser not procured by the broker; and, if he make such a sale without having in any manner availed himself of the efforts of the broker, he will not be liable for commissions."   *Chilton* v. *Butler,* 1 E. D. Smith, 150.   The case of *Jarvis* v. *Schaefer,* 105 N. Y. 289, 11 N. E. Rep. 634, cited in the opinion of the trial court as authority against the defendant, holds no more than that the payment of commissions to an-

other broker does not impair the rights of one who was the procuring cause of the sale for which commissions were claimed. A new trial must be had, and the facts will disclose whether the defendant was committed to a sale made through another broker before the plaintiff produced his customer. Judgment and order reversed, and new trial ordered, with costs to abide event. All concur.