LOVELL, Respondent, v. JACOBI, Appellant (two cases). (Supreme Court, General Term, Fifth Department. January, 1895.) Action by Frank H. Lovell against George W. Jacobi. No opinion. Motions to dismiss appeals granted, with $10 costs in one case only.

LOWEY, Respondent, v. FIDELITY PRINTING CO., Appellant. (City Court of New York, General Term. May 28, 1895.) Action by Frederick Lowey against the Fidelity Printing Company. Philip Carpenter, for appellant. Wakeman & Campbell, for respondent.

FITZSIMONS, J. The defendant, because of its agreement with the Lowey Company, became liable for the value of the goods in question to plaintiff. The failure of the Lowey Company to return the plates when the printing was finished, it having been so agreed, was a breach of contract on its part, for which it was liable in case any damage followed. Faulkner v. Hart, 82 N. Y. 413; Michaels v. Railroad Co., 30 N. Y. 564. In this case the goods were destroyed, and to the extent of the value thereof it was liable to the plaintiff. That liability or obligation was assumed by defendant in the agreement above mentioned, and, although the plaintiff was not a party to that agreement, yet he was entitled to the benefits thereof. The judgment, in our opinion, is a just one, and, finding no error, it must be affirmed, with costs. All concur.

McCARTY, Appellant, v. TRACEY et al., Respondents. (Common Pleas of New York City and County, General Term. June 3, 1895.) Action by James E. McCarty against William Tracey and others for broker's commissions. William Riley, for appellant. James J. Fitzgerald, for respondents.

PER CURIAM. It does not appear that the plaintiff was the procuring cause of the sale to Fursey. The fact that he overheard plaintiff telling a third person that the property had been sold to one Murphy at a certain sum, and. after the sale to Murphy had fallen through, bought it himself, is not sufficient evidence to show that plaintiff was the procuring cause, especially in view of the further fact that he was well acquainted with the defendants, and had previously learned from them that the property was for sale. Goldsmith v. Cook (Com. Pl. N. Y.) 14 N. Y. Supp. 878. The answer sets up a good general denial. Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740. Judgment affirmed, with costs.

In re McDONALD. (Supreme Court, General Term, Second Department. June 14. 1895.) In the matter of the application of Augustine R. McDonald for leave to intervene. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

MANHATTAN SAV. INST. v. GREEHY et al. (Supreme Court, General Term, First Department. June 14, 1895.) Action by the Manhattan Savings Institution against Mary Greehy and others. No opinion. Motion to dismiss appeal on payment of $10 costs.

MARTENS TURNER CO., Respondent, v. MACKINTOSH, Appellant. (Supreme Court, General Term, First Department. June 14, 1895.) Action by the Martens Turner Company against James Mackintosh. T. Smith, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

MARTIN, Respondent, v. COLEMAN, Appellant. (City Court of New York, General Term. June 25, 1895.) Action by Hubert W. Martin against Mary E. Coleman. Wells, Waldo & Snedeker, for appellant. Myron H. Oppenheim, for respondent.

NEWBURGER, J. This is an action brought for damages sustained by the plaintiff on account of water dripping through the ceiling of his premises. The premises where the damages occurred is a four-story building, and at the time of the accident was wholly occupied, one tenant being on each floor. The plaintiff occupied the parlor floor or main floor, as a tailor, the defendant the second floor of the building, as a dressmaker, and for living purposes. On January 6, 1894 (Saturday), the plaintiff closed his place of business. On Monday morning, when plaintiff's clerk opened the plaintiff's store about 8 o'clock, water was dripping from the ceiling. The trial resulted in a verdict for the plaintiff, and from the judgment entered upon such verdict, and from the order denying the defendant's motion for a new trial, this appeal is taken. The trial justice properly denied the motion for a dismissal of the plaintiff's complaint. The testimony of the plaintiff and his attorney as to statements made by the defendant after the overflow required that the case should be submitted to the jury as to the negligence and carelessness of the defendant. The charge of the trial justice was a fair and complete statement of the law governing cases of this kind, and must have been so viewed by the defendant's counsel, as there is not a single exception, nor was any request made by defendant to charge anything in addition. The judgment appealed from must be affirmed, with costs.

MATTESON, Appellant, v. SELUCKEL, Respondent. (Superior Court of Buffalo, General Term. January, 1895.) Action by Price A. Matteson against Charles A. Seluckel. No opinion. Judgment appealed from reversed, with costs.

MAXFIELD, Respondent, v. CARPENTER, Appellant. (Supreme Court, General Term, Second Department. June 14, 1895.) Action by Charles E. Maxfield against Oliver L. Carpenter. No opinion. Motion for reargument denied, with costs. See 32 N. Y. Supp. 381.