F. H. & C. B. GERHART REAL ESTATE COMPANY, Appellant, v. THE MARJORIE REAL ESTATE COMPANY, Respondent.

Springfield Court of Appeals, June 6, 1910.

1. REAL ESTATE BROKER: Procuring Cause of Sale: Commission: Instructions. In a suit for a real estate agent's commission, the defense was that the plaintiff had not been the procuring cause of the sale and, to establish this evidence was introduced tending to show that another real estate firm had been the procuring cause. *Held*, that this evidence was proper for the defense, and an instruction to the effect that plaintiff was not entitled to recover, in case the jury found that the other real estate firm was the procuring cause, is approved.

2. ——: ——: ——: ——. In a suit for a real estate broker's commission, it is not sufficient for plaintiff to show that his efforts were one of a chain of causes culminating in a sale. He must show that his efforts were a procuring or inducing cause. An instruction covering this proposition is approved.

3. ——: ——: ——: **Deal Closed by Different Agent.** It is entirely proper for the owner of real estate to place it in the hands of more than one agent for sale. Where this is done, in the absence of a distinct contract to the contrary, when the sale is made, the commission will belong to the agent whose efforts are the procuring cause of the sale, no matter which one may close the deal.

4. ——: ——: ——: **Other Agent Authorized to Sell for Less.** A real estate owner has the right to place his property in the hands of more than one agent to sell, and he may authorize one agent to sell at a less price than the other.

5. **INSTRUCTIONS: Real Estate Broker: Commissions: Procuring Cause of Sale.** In a suit for a real estate agent's commission, where the evidence tended to show that another agent was the procuring cause of the sale, the instructions presenting both theories of the case are examined and approved.

Appeal from the St. Louis City Circuit Court.—*Hon O'Neill Ryan,* Judge.

AFFIRMED.

*E. C. Crow* and *J. M. Holmes* for appellant.

The court erred in giving to the jury the defendant's instructions numbered 2, 3 and 6. Timberman v. Craddock, 70 Mo. 638; Stinde v. Blesch, 42 Mo. App. 578; Brennan v. Roach, 47 Mo. App. 290; Wright v. Orrison, 68 Mo. App. 577; Goodson v. Embleton, 106 Mo. App. 77; Hovey v. Aaron, 113 Mo. App. 573.

*Stern & Haberman* for respondent.

Instruction No. 3 correctly declares the law as applicable to the facts. Ramey v. West, 31 Mo. App. 687; McCormack v. Henderson, 100 Mo. App. 651; Gamble

v. Grether, 108 Mo. App. 340; Wolff v. Rosenberg, 67 Mo. App. 403; Wright v. Orrison, 68 Mo. App. 577.

COX, J.—Action for commission in effecting sale of real estate. Trial by jury and verdict found for defendant, and plaintiff has appealed. The evidence shows the defendant to have been the owner of certain real estate in the city of St. Louis, and that he exchanged this property for certain other property with one Jesse French, said French agreeing to assume the encumbrances upon defendant's property to the amount of sixty-five thousand dollars, and to pay forty-five thousand dollars cash as the difference in value between the two properties.

The evidence in this case is very voluminous, but its general tenor is that there were two real estate firms figuring in this deal, the plaintiff and the firm known as the Weisels-Gergart Real Estate Co., and the contest at the trial seemed to be to determine which one of these real estate companies had been the means of procuring the sale. The errors complained of by plaintiff were in the giving of instructions on behalf of defendant by the court. In order to fully understand the action of the court upon these instructions it will require the setting out of the instruction asked and given on behalf of the plaintiff which is as follows:

"(1). The court instructs the jury that if you are satisfied from the evidence that the defendant employed the plaintiff as a real estate agent to affect an exchange of its property described in the petition for the property of Jesse French described in the petition, said French to pay in addition a sum in cash and to assume an encumbrance of sixty-five thousand ($65,000) dollars then existing on the property of defendant, then if you further find that plaintiff entered upon such employment, and entered into active negotiations with the said French for the purpose of effecting such exchange, and further find that prior to the consummation of such ne-

gotiations, defendant, without the knowledge or consent of plaintiff, took said negotiations into its own hands, and without the knowledge or consent of plaintiff closed and carried out the sale or exchange with said French shown by the evidence, then if you are satisfied from the evidence that the sale or exchange carried out by defendant and said French, resulted from the efforts and negotiations of plaintiff as aforesaid, and that said efforts and negotiations were the procuring cause thereof, you will find a verdict for plaintiff on the second count of the petition in such sums as you may find from the evidence the services of the plaintiff were reasonably worth, not exceeding however the sum of five thousand dollars."

Instructions given on behalf of defendant of which complaint is now made are as follows:

"(2). The court instructs the jury that the burden of proof is on the plaintiff to establish by a preponderance of the evidence that the plaintiff was the efficient and procuring or producing cause of the sale by defendant to Jesse French and unless you find that the plaintiff was the efficient and procuring or producing cause of such sale your verdict must be for defendant and against plaintiff. In this connection the court further instructs you that plaintiff cannot recover if you find that its acts were merely one of a chain of causes producing said sale or contributing in some degree thereto unless you also find that said acts of plaintiff were in themselves the efficient and procuring or producing cause thereof."

"(3). The court instructs the jury that although you may believe from the evidence that defendant authorized the plaintiff to offer the Alexandria Building for sale, that defendant nevertheless had the right to authorize the sale of said property by Weisels-Gerhart Real Estate Company at a smaller price than that at which plaintiff was authorized to sell; and if you find and believe from the evidence that the property was

sold at such smaller price through the efforts of said Weisels-Gerhart Real Estate Company, and that the efforts of said Weisels-Gerhart Real Estate Company were the procuring or producing causes resulting in the sale to Jesse French, then the plaintiff cannot recover and your verdict must be for defendant."

"(6). The court instructs the jury that if you find and believe from the evidence that the Weisels-Gerhart Real Estate Company was the efficient and procuring or producing cause of the purchase of the Alexandria Building by Jesse French, then the court instructs you that the plaintiff cannot recover and that your verdict must be against the plaintiff and in favor of the defendant."

It will be observed that the theory on which plaintiff submitted its case to the jury, as outlined in instruction number one, given at its request is that if the jury were satisfied from the evidence that the sale or exchange carried out by defendant and said Jesse French resulted from the efforts and negotiations of plaintiff, and if said efforts and negotiations were the procuring cause thereof, then they should find for plaintiff. This instruction was a correct declaration of law as applied to plaintiff's theory of the case, and had the jury found the facts to be as outlined in this instruction, it would have been their duty to have returned a verdict in his favor. [Bell v. Keyser, 50 Mo. 160; Timberman v. Craddock, 70 Mo. 533; Morgan v. Keller, 194 Mo. 663, l. c. 679, 92 S. W. 75.]

The instructions given on behalf of defendant simply presented the opposite theory of the case. Instruction number two puts the burden of proof on the plaintiff to show that its efforts were the procuring cause of the sale. Instruction number three told the jury that if the Weisels-Gerhart Real Estate Company were the producing cause of the sale, then the plaintiff could not recover, and were told in the same connection that defendant had the right to authorize another agent

to sell it at a price different from the price at which it authorized plaintiff to sell it. Instruction number six told the jury that if the Weisels-Gerhart Real Estate Company was the efficient and procuring or producing cause of the purchase, then plaintiff could not recover. We see no conflict in these instructions, and think they properly present the defendant's theories of the case deducible from the evidence and left it to the jury to determine what the facts were. Plaintiff now insists that the instructions, which told the jury that if the Weisels-Gerhart Real Estate Company were the producing cause of the sale, were erroneous for the reason that that issue was not in the case; that the only issue for the jury to try in this case was whether or not the plaintiff was the producing cause. It is true that plaintiff's right to recover was based upon the allegation that it was the procuring cause of the sale, and it must stand or fall upon that proposition, but it is also true that the defendant, in order to show that the plaintiff was not the procuring cause of the sale, was at liberty to show that some other agent was the procuring cause. [Mead v. Arnold, 131 Mo. App. 214, l. c. 221 and 222, 110 S. W. 656.]

It is not sufficient for plaintiff to show that his efforts were one of a chain of causes culminating in the sale. He must show that his efforts were the procuring or inducing cause. [Ramsey v. West, 31 Mo. App. 676.]

It is entirely proper for the owner of real estate to place it into the hands of more than one agent for sale, and where this is true, in the absence of a distinct contract to the contrary, when a sale is made the commission will belong to the agent whose efforts are the procuring cause of the sale no matter which one may close the deal. [Brennan v. Beach, 47 Mo. App. 290; Wright & Orison v. Brown, 68 Mo. App. 577.]

We think this case was tried upon a correct theory of the law, and the issue as to which agent was the procuring cause of the sale was properly presented to the jury and the jury, by finding in defendant's favor, has found that plaintiff was not the procuring cause, and the evidence is sufficient to sustain the verdict. Judgment will be affirmed. All concur.