B. B. BIGHAM et al., Respondents, v. J. M. LINVILLE, Appellant.

Kansas City Court of Appeals, May 5, 1913.

1. **REAL ESTATE BROKERS: Commission: Procuring Cause.** The plaintiffs sued to recover a real estate broker's commission. The defendant employed the plaintiffs to effect a sale or exchange of certain real estate owned by him ·in the city of St. Joseph, and subsequently an exchange of the property was made by the defendant with the person procured by the plaintiffs. *Held*, that the plaintiffs were the procuring cause of the exchange, and thus entitled to recover their commission.

2. ————: ————: ————. The broker must be the procuring cause of the contract on which he depends for his recovery. It will not suffice for his act to be one of the chain of causes producing the contract; for it must be the procuring cause; or, as it has been said, it must be the *causa causans*.

3. ——: ——: ———. The object of a broker's employment
is to find and introduce to his principal a person who is ready,
able, and willing to purchase the property on the terms pro-
posed by the principal and the broker earns his commission
when he is the procuring cause of the negotiations that result
in a sale though the negotiations be carried on by the princi-
pal without further assistance.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick,* Judge.

A.FFIRMED.

*B. R. Martin* for appellant.

(1) The court erred in not sustaining appellant's
demurrer to the evidence. Under the testimony re-
spondent was not the procuring cause of the sale, nev-
er introduced the parties, did not bring them together
and is entitled to no commission. Blackwell v. Adams.
28 Mo. App. 61; Mead v. Arnold, 131 Mo. App. 222;
Tooker v. Duckworth, 107 Mo. App. 231; Real Estate
Co. v. Real Estate Co., 144 Mo. App. 620. (2) The
law is well settled in this State, that to enable a real
estate broker to recover commission he must be the
efficient and procuring cause of the sale; and the bur-
den is upon him to show that the sale was actually
effected through his means. His act must have been
the *causa causans.* Crain v. Miles, 154 Mo. App. 348;
Mead v. Arnold, 131 Mo. App. 214; Real Estate Co.
v. Real Estate Co., 144 Mo. 620; Ramsey v. West, 31
Mo. App. 676.

*Thompson, Griswold & Thompson* for respond-
ents.

(1) It is unquestionably the law, in this State,
that to enable a real estate broker to recover commis-
sion, he must be the efficient and procuring cause of
the sale, and the burden is upon the plaintiff to show
that he is the efficient cause that brought the parties

together, resulting in the trade. This statement of law is too well established to need the citing of many authorities to support·it. Gelatt v. Ridge, 177 Mo. 553; Sallee v. Murray, 103 Mo. App. 246. (2) Where this is contradicted testimony as to who was the efficient and procuring cause, and the issues are submitted to the jury, under proper instruction, the finding of the jury is binding on the appellate court, if there is substantial evidence upon which to base a judgment. Crain v. Miles, 154 Mo. App. 350; Stevens v. Backer, 162 Mo. App. 295; Paul v. Western Union, 164 Mo. App. 244.

JOHNSON, J.—Action to recover a real estate broker's commission. Verdict and judgment were for plaintiffs. Defendant appealed and argues that the court erred in not sustaining his demurrer to the evidence. His precise point is that the evidence shows as a matter of law that plaintiffs were not the efficient and procuring cause of the sale. There is no controversy over the facts that defendant employed plaintiffs to effect a sale or exchange of certain real estate owned by him in St. Joseph and that subsequently an exchange of the property was made by defendant. The burden is on the plaintiffs to show that they were the procuring cause of the exchange. The rule thus is stated in Ramsey v. West, 31 Mo. App. 676: "The broker must be the procuring cause of the contract on which he depends for his recovery. It will not suffice for his act to be one of the chain of causes producing the contract; for it must be the procuring or inducing cause; or, as it has been said, it must be the *causa causans*." [Mead v. Arnold, 131 Mo. App. 214; Real Estate Co. v. Real Estate Co., 144 Mo. App. 620; Crain v. Miles, 154 Mo. App. 338.]

This rule does not require the broker to conduct the negotiations to a successful end. The object of his employment is to find and introduce to his princi-

pal a person who is ready, able and willing to purchase the property on the terms proposed by the principal and the broker earns his commission when he is the procuring cause of the negotiations that result in a sale though the negotiations be carried on by the principal without his further assistance. [Gelatt v. Ridge, 117 Mo. 553; Sallee v. McMurray, 113 Mo. App. 253.]

The application of these rules to the facts in evidence leads to the conclusion that plaintiffs sustained their burden of proof and were entitled to go to the jury. The fault of the argument of counsel for defendant is that it looks at the case from the viewpoint of defendant's evidence and ignores the rule that requires a court in ruling on a demurrer to the evidence to accept as proved the evidentiary facts adduced by the plaintiff. The evidence of plaintiffs tends to show that they were the agency by which defendant was introduced to a person who was ready, able and willing to make an exchange of properties satisfactory to defendant and that negotiations were begun and carried on by the parties which culminated in an exchange. If these were the facts of the case plaintiffs earned their commission and are entitled to recover. Defendant's evidence is to the effect that he found the purchaser himself and that he traded for different property from that plaintiffs had in mind when they were negotiating with the agent of the purchaser. The evidence on all these issues is conflicting and since that of plaintiffs shows an unbroken chain of events beginning with the introduction of the purchaser's agent to defendant and ending in the exchange of the properties which became the subject of the negotiations thus opened, we must hold, as did the trial court, that under plaintiffs' evidence they were the procuring cause of the exchange.

The judgment is affirmed. All concur.